BAMBERGER, (TERRY v.) See Case No. 13,837.

## Case No. 832.

### BAMFIELD v. ABBOT.

[9 Law Rep. 510.]

District Court, D. Massachusetts. Jan., 1847.

ARMY OF UNITED STATES—ENLISTMENT OF MINOR —STATE LAWS—HABEAS CORPUS.

1. A minor, who enlisted in one of the volunteer companies, raised under the act of congress of May, [13,] 1846, [9 Stat. 9, c. 16,] providing for the raising of military forces for the Mexican war, but which company has not yet been mustered into the service of the United States, or received or accepted by any officer thereof, and has not received any rations or clothing therefrom, cannot be held in custody as a volunteer, under the law of the United States.

2. Nor can such minor be held under the statute of Massachusetts of 1840, c. 92, § 5, which provides for the ordering out of the militia, by draft or otherwise.

[Cited in Re McDonald, Case No. 8,752.]

This was a writ of habeas corpus to bring up the body of Robert C. Rowe. The first

question raised was, whether the courts or judges of the United States have jurisdiction to inquire into the cause of detention. The petitioner set forth that he was the legal guardian of the said Rowe, who was a minor, and restrained of his liberty by the respondent, as commander of a company of volunteers, enlisted in the United States service in the war against Mexico, claiming to hold him by virtue of a pretended engagement on the part of said ward to serve in said war under the command of the respondent. The return of the respondent did not deny any of the allegations in the petition, but set forth that the cause of the detention of the said Rowe was, that he voluntarily enlisted and was mustered in Company C of the first regiment Massachusetts volunteers, on the 28th day of December last, and has received his rations and clothing since that date.

N. T. Dow, for petitioner.
Mr. Rantoul, for respondent.

SPRAGUE, District Judge. The return is not full and explicit, in the statement of facts, and at the hearing I stated to the learned counsel for the respondent, that by its language I understood that the respondent claimed the custody and control of the said Rowe as a volunteer soldier, who had been mustered into the service of the United States and received from them clothing and rations as such, under the act of 1846, [Act May 13, 1846; 9 Stat. 9, c. 16.] And I suggested that if that was not the ground on which the respondent intended to rest his claim, the return might be amended so as to present the facts as he wished to have them understood, and time was given to the counsel for that purpose. The respondent, however, has not seen fit to make any amendment or addition to his return, and I must take it as asserting a claim to hold the said Rowe in custody as a volunteer under the law of the United States. Under this petition and return, therefore, I cannot doubt that it is my duty to inquire into the cause of detention.

It appears that the said Rowe is now between 18 and 19 years of age; that previous to the fourteenth of November last, his residence had from his birth been in the state of New Hampshire; that both his parents died more than two years ago; that in the summer of 1846, the petitioner was appointed his guardian, and that both had resided in the town of Dover in that state, but that the guardian had not interfered with the labor or earnings of the ward. But the said Rowe left Dover on or about the 14th of November, without the consent of his guardian, who had no knowledge where he had gone until a week or ten days ago, when he heard that he was in Boston, and had enlisted as a volunteer. On the 28th of December last, he enlisted as a member of Company C of the Massachusetts infantry, which was subsequently organ-

ized under the authority of the governor of Massachusetts, and the officers were commissioned by him. But the original enlistment, and the whole proceedings, were for the express and sole purpose of having the said company received into the service of the United States as volunteers under the act of congress for 1846. And that for this purpose the said Rowe and about forty-five others had been examined by a captain and surgeon of the United States army, who had certified to their physical qualifications, and that they had been, by order of the respondent, as captain of said company, held under military discipline, at quarters in the city of Boston, and not allowed to depart from those quarters except by the order or special permission of the respondent, with a view of having them mustered into the service of the United States as volunteers, but for want of a sufficient number of men, the said company had not in any manner been mustered into the service of the United States, or been received or accepted by any officer thereof, or received any rations or clothing therefrom. The said Rowe has not then come under the authority of the president or any officer of the United States, and I do not understand the learned counsel as contending that he can be held by the respondent under the act of congress of 1846.

But it is insisted that he may be held under the Massachusetts statute of 1840, c. 92, § 5. In the first place, that section refers to the dormant and not to the active militia of Massachusetts. In the next place, no order of the commander-in-chief of the commonwealth, or any other officer, is shown, calling forth the militia or placing them in a state of preparation for actual service, as contended for. And thirdly, the return of the respondent does not rest his claim to hold the said Rowe in confinement upon any such ground, and in this respect the return is not inconsistent with the evidence. Whether the said Rowe has subjected himself to the duties imposed by the laws of Massachusetts upon the militia of that state, I am not called upon to decide, and express no opinion. The claim of the respondent being in my opinion not sanctioned by law, and the said Rowe having declared his wish to be discharged, I am bound to order that he be set at liberty.